HANNA MOTOR CO., Inc., v. F. D. HARVEY & CO., Inc.

No. 4555.

Court of Appeal of Louisiana. Second Circuit.

Dec. 1, 1933.

H. W. Ayres, of Jonesboro, for appellant.

W. J. Hammon, of Jonesboro, for appellee.

MILLS, Judge.

Plaintiff brings this suit to recover a balance of $228.17 on an open account for automobile parts and accessories and for labor performed. In answer to plaintiff's demand, defendant sets up the defense that the account is excessive and that it is entitled to a discount of 25 per cent. on whatever balance is proven.

From a judgment for plaintiff as prayed for, defendant appeals to this court.

On the trial of the case the correctness of the account as sued for is thoroughly proven and is not contradicted by any testimony offered in behalf of defendant. As to the discount claimed, the president of plaintiff company testifies that not only was such a discount never agreed to, but that on the other hand defendant was particularly told that it would not be allowed on this account. This witness admits that it was customary, when asked for in advance in proper cases, to allow such a discount to owners of fleets of Ford motorcars, but that he had never recognized defendant as such an owner and had told both of the Harveys and their foreman, before any goods were purchased, that no discount would be allowed; that the allowance of this discount was optional with the dealer and was not required in their contract. His statement that the discount was expressly denied is corroborated by the bookkeeper of his company, who testifies further that the discount did not apply in this instance for the further reason that many of the parts were purchased from local dealers and in Vicksburg at a cost to plaintiff which would not leave it a margin of profit equal to the discount.

For defendant, its office manager testifies that it was customary for his company to be allowed this discount by Ford dealers. But he could not contradict the assertion of plaintiff's president that the allowance was optional, nor could he testify that it had not been expressly denied before the purchases in this case. H. E. Harvey of defendant company, alone, testifies that he understood that the discount was to be allowed. He does not claim that it was expressly agreed to, as the matter was only discussed in a general way. That he told plaintiff's manager that he was dealing with it the same as all Ford dealers. He directly contradicts the testimony of both of plaintiff's witnesses to the effect that

the discount was expressly denied before the purchases were made, and says that he never learned that it was not to be allowed until a settlement of the account was demanded. He does not deny that the allowance was optional with the dealer and does not claim an express allowance of it. All that his testimony amounts to is that he understood and expected that it would be allowed.

 The burden of proving the allowance of a discount off regular prices is on the party alleging it, as it is a special defense. In this case the testimony does not sustain that burden. To the contrary, it clearly preponderates in favor of plaintiff's position that the discount was expressly denied.

The judgment appealed from is therefore clearly correct, and is affirmed.